UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PETER ALLAN GIROUX,

             Plaintiff,

v.                                                    CASE NO. 3:10-cv-35-J-37JBT

KANGAMIUT CONTRACTORS ApS
*et al.*,

             Defendants.

_____/

**ORDER**

**THIS CAUSE** is before the Court on Plaintiff's Motion to Compel Discovery

Including Documents, Interrogatories and Deposition ("Motion") (Doc. 119) and

Defendant Hermitage International Ltd.'s ("Hermitage" or "Defendant") Memorandum

of Law in Opposition thereto ("Opposition") (Doc. 123).  For the reasons stated

herein, the Motion is due to be **GRANTED** in full, except the Court will take the issue

of expenses under advisement.

In short, the Court finds that in response to Plaintiff's discovery requests,

Defendant, at best, has not "practiced with a spirit of cooperation" as expected in this

District.  Middle District Discovery (2001) at 1.  *See also Shumake v. Enhance*

*Recovery LLC*, 2011 WL 2559861, *2 (S.D. Ga. June 28, 2011) (discussing a party's

"duty to cooperate fully in any discovery which may be initiated by the [opposing

party]").  Specifically, Defendant has not made a "diligent effort to provide a

response that (i) fairly meets and complies with the discovery request and (ii)

imposes no unnecessary burden or expense on the requesting party."  Middle District Discovery (2001) at 2.

Regarding documents, Defendant has failed to produce a number of documents that would appear to be in its possession, custody or control, or to adequately explain its failure.  Further, Defendant has not shown that it engaged in "a reasonable inquiry with those persons and a reasonable search of those places likely to result in the discovery of responsive documents."  *Id.* at 11.  Thus, Defendant's "evasive or incomplete disclosures, answers, or responses," *Id.* at 10, "must be treated as a failure to disclose, answer, or respond," Fed. R. Civ. P. 37(a)(4).  Accordingly, Plaintiff's Motion is due to be granted to the extent stated in this Order.

## I.    Background

This is a maritime action arising out of Plaintiff's alleged personal injuries that occurred in international waters on January 15, 2007.[1]  (Doc. 1 at 2.)  Plaintiff Peter Allan Giroux ("Mr. Giroux"), a seaman, alleges he is entitled to recovery as a consequence of his injuries while employed by Defendants aboard the F/V Nikolskiy as a "crab specialist."  (*Id.* at 6-7.)  Plaintiff further alleges that several of the Defendants acted in concert as his co-employers even though none of the

---

[1] The Complaint alleges negligence (Counts I through VI), unseaworthiness (Count VII), maintenance and cure (Counts VIII through XII), breach of contract (Counts XIII), and breach of contract of insurance (Count XIV).  (Doc. 1 at 7-26.)

Defendants admits to being Mr. Giroux's employer.[2]  (*Id.* at 4-5.)

At the June 21, 2011 status conference, Plaintiff stated that he had been attempting to identify his employer through discovery.  Plaintiff also stated that he had not obtained jurisdictional discovery as to Defendant Hermitage and moved for an extension of the discovery deadline in order to do so.  The Court granted the motion and extended the jurisdictional discovery deadline as to Hermitage through August 21, 2011.  On August 4, 2011, Plaintiff filed the present Motion (Doc. 119), which is now ripe for review (*see* Doc. 123).

## II.    Analysis

The Motion seeks to compel proper responses to Plaintiff's requests for production and interrogatories, to compel Sulev Seppik ("Mr. Seppik"), the owner of Hermitage, to appear for deposition, to impose sanctions for Defendant's failure to produce the subject discovery, and to extend the jurisdictional discovery deadline of August 21, 2011.  (Doc. 119.)  Defendant responds that complete responses to the limited jurisdiction-related aspects of the discovery requests have been provided.[3]

---

[2] Based on similar allegations, Plaintiff brought a lawsuit in the United States District Court for the Western District of Washington, but that lawsuit was dismissed as to Kangamiut Seafood A/S and Hermitage for lack of personal jurisdiction.  (*See* Doc. 1-2.)

[3] Defendant also states that Plaintiff did not raise any specific objections to the discovery responses and did not attempt to confer with Defendant prior to filing the Motion as required by Local Rule 3.01(g).  (Doc. 123 at 4.)  However, the Declaration of John E. D. Powell, attorney for Hermitage, provides, *inter alia*, that "Plaintiff did complain about the stated objections to his questions." (Doc. 123-1 at 5.)  Moreover, Plaintiff's Motion includes a certification of a good faith effort to resolve the issues prior to filing the Motion pursuant to Local Rule 3.01(g).  (Doc. 119 at 8.)  Finally, although the Court would not excuse a
(continued...)

3

(Doc. 123 at 3.)  For the reasons stated herein, Defendant's objections are due to be overruled and Plaintiff's Motion is due to be granted in full, except the Court will take the issue of expenses under advisement.

## A.    Deposition of Mr. Seppik

Plaintiff seeks to compel the deposition of Mr. Seppik, who lives outside the United States, because Hermitage refuses to provide Mr. Seppik for a deposition even by telephone or video-conference.  (Doc. 119 at 6.)  Plaintiff asserts that a deposition is necessary because Hermitage's written responses regarding its contacts with Florida and the United States directly contradict the sworn testimony of Kangamuit's witnesses.  (*Id.* at 6-7.)  In response, Defendant states:

> After answering Plaintiff's discovery requests, and considering all of the jurisdictional facts already provided by way of Mr. Seppik's sworn declarations, *it occurred to Hermitage that there is nothing more to say on the subject*.  What would Mr. Seppik say at deposition that he has not already sworn to or verified?  Add to this the logistical complications in arranging a deposition in Estonia and the huge financial expenditure Hermitage has already incurred proving to one court and striving to prove to another that Hermitage has never done anything to invoke the jurisdiction of a United States court.  In these circumstances it seemed reasonable to ask Plaintiff's counsel to reconsider the deposition or at least to proceed with a deposition on written questions.

(Doc. 123 at 5 (emphasis added) (internal citations omitted).)

The Court finds Defendant's explanation wholly unjustified.  First, at the June

---

[3](...continued)
failure to confer, it is apparent from Defendant's lengthy response that it vehemently opposes the Motion and is adamant that discovery should be considered closed. Therefore, the Court accepts Plaintiff's certification and rejects Defendant's argument that no attempt to confer has been made.

21, 2011 status conference, Hermitage expressed that it would cooperate with Plaintiff by not only providing documentation, but also arranging for Mr. Seppik's deposition, if necessary, by telephone or video.  Moreover, at the same status conference, the Court emphasized that Defendant should follow through on its offer of cooperation.  It is not for Defendant to decide whether a deposition is necessary, particularly in light of Defendant's incomplete and evasive answers to written discovery requests and apparent inconsistencies between those answers and other discovery documents produced in this case, as shown *infra*.  Thus, Defendant's objection is overruled and Hermitage is ordered to produce Mr. Seppik for deposition by oral examination.

### B.    Plaintiff's First Set of Interrogatories

Before addressing each interrogatory individually, the Court notes that Defendant has failed to object to the subject interrogatories with specificity as required by Fed. R. Civ. P. 33(b),[4] has failed to interpret the interrogatories "reasonably, in good faith, and according to the meaning the plain language of the interrogatory would naturally import," Middle District Discovery (2001) at 15, and/or has failed to ensure "a reasonable inquiry, including a review of documents likely to have information necessary to respond," *Id.* at 16.   The Discovery Handbook provides: "When in doubt about the meaning of an interrogatory, the responding

---

[4] Defendant repeats the same boilerplate objection to interrogatories 2, 5, 10-14, and 18-19.

party should give it a reasonable interpretation (which may be specified in the response) and offer an answer designed to provide, rather than deny, information." *Id.* at 15.  Defendant's responses appear tailored to provide as little information as possible.

**Interrogatory No. 2**

> 2.      State each business address used by Hermitage International, Limited.
> [Response:]  This discovery request is overbroad, outside the scope of the limited jurisdictional discovery allowed, irrelevant, and not designed to lead to the discovery of admissible evidence on the limited jurisdictional question.[5]   Subject to these objections, and without waiving same, Hermitage has no business address in the United States.  Its registered office is: . . . Tortola, British Virgin Islands.

(Doc. 119-3 at 1.)

Plaintiff points out that Mr. Seppik's Declaration states that Hermitage "is operated primarily from Tallinn, Estonia" (Doc. 97-1, ¶ 2).   (Doc. 119 at 4.) Defendant does not appear to challenge that statement.  (*See* Doc. 123.)  Thus, it appears Defendant, without justification, has taken it upon itself to artificially limit the scope of, and its response to, the interrogatory, despite the simple, clear language of the interrogatory itself.  Much like it did with the requested deposition, Defendant has flouted its discovery obligations.  Defendant will be given one last opportunity to properly respond to this and the other discovery requests at issue herein, before more severe sanctions are considered.

_____

[5] This is the boilerplate objection referred to in footnote 4 *supra*.  It has no merit here.

**Interrogatory No. 5**

5.      Identify each individual who acted as an agent or representative in any capacity for Hermitage with respect to crab fishing operations during the years 2005, 2006, 2007 and 2008.
[Response:]  This discovery request is overbroad, outside the scope of the limited jurisdictional discovery allowed, irrelevant, and not designed to lead to the discovery of admissible evidence on the limited jurisdictional question.  Subject to these objections, and without waiving same, no one.

(Doc. 119-3 at 4.)

Again, the Court finds the boilerplate objections without merit and the response wholly inadequate.  As Plaintiff points out, Plaintiff's 2006 agreement indicates that "C. Forster" signed on behalf of Hermitage.  (Doc. 119 at 4.) Defendant does not appear to challenge that statement. (*See* Doc. 123.) Moreover, Mr. Seppik's own affidavit acknowledges that Hermitage is involved in crab fishing operations at least to the extent it indicates to vessel owners whether the quality of the product is satisfactory.  (Doc. 97-1, ¶ 10.)  Obviously, Hermitage must act through individuals.  Again, Defendant will be given one last opportunity to answer the interrogatory appropriately.

**Interrogatory No. 12**

12.      Identify the individual or individuals with Kangamuit Seafoods and Kangamuit Contractors with whom Hermitage representatives dealt during the years 2005, 2006, 2007 and 2008.
[Response:]  This discovery request is overbroad, outside the scope of the limited jurisdictional discovery allowed, irrelevant, and not designed to lead to the discovery of admissible evidence on the limited jurisdictional question.

(Doc. 119-3 at 5.)

Defendant justifies this objection by saying: "If this inquiry has any relevancy to the jurisdiction issue, Mr. Sutter could have raised this with Hermitage's counsel before filing this motion to compel.  He did not."  (Doc. 123 at 8.)  The Court has already rejected Defendant's argument that Plaintiff did not attempt to confer with Hermitage prior to filing the Motion.  (*See supra* note 3.)  Moreover, the Court finds it significant and troubling that this appears to be Defendant's sole justification for failing to answer this interrogatory.  Obviously, an objection must have a proper basis at the time it is made, not at a later time based on a party's alleged failure to confer.  Again, it appears Defendant did not answer this interrogatory simply because it did not want to do so.  Defendant will be given one last opportunity to provide non-evasive, full, and complete information.

## C.    Requests for Production

Defendant's responses to Plaintiff's requests for production appear just as evasive and incomplete as its responses to interrogatories, and consistent with its unilateral decision that a deposition is unnecessary because "there is nothing more to say on the subject."  (Doc. 123 at 5.)  First, Defendant has failed to object to the subject requests with specificity as required by Fed. R. Civ. P. 34(b).[6]  In addition, Defendant has failed to interpret the requests "reasonably and naturally . . . ,

_____

[6] The same boilerplate objection as the one raised as to some of Plaintiff's interrogatories, is asserted as to every single one of the eighteen document requests. (Doc. 119-2.)

recognizing that the attorney serving [them] generally does not have specific knowledge of the documents sought and that the attorney receiving the request[s] . . . generally has or can obtain pertinent knowledge from the client." Middle District Discovery (2001) at 10. Finally, the Court has no confidence that Defendant ensured "a reasonable inquiry with those persons and a reasonable search of those places likely to result in the discovery of responsive documents." *Id.* at 11.

**Request No. 3**

Plaintiff's Request No. 3 asks for "[a] copy of any agreement for Hermitage to act as agent of the vessel(s) on behalf of any party you identify as the 'employer.'" (Doc. 119-1 at 2.) Defendant's Response reads:

> Objection. This discovery request is overbroad, outside the scope of the limited jurisdictional discovery allowed, irrelevant, and not designed to lead to the discovery of admissible evidence on the limited jurisdictional question.[7] Subject to these objections, and without waiving same, Hermitage does not act as the agent of any vessel.

(Doc. 119-2 at 2.)

As Plaintiff points out, Plaintiff's own Consulting Agreement shows Hermitage signing as "Vessel Representative." (Doc. 119 at 2.) Defendant responds that signing a contract as a vessel representative does not make Defendant the agent of any vessel. (Doc. 123 at 6.) The Court finds Defendant's response evasive and incomplete. It is designed to provide as little information as possible, and it

---

[7] This is the same boilerplate objection as the one raised with respect to some of Plaintiff's interrogatories. (*See* Docs. 119-2 & 119-3.)

interprets the request in a technical and uncooperative manner, rather than in a "reasonable and natural" one.  Also, the objections are without merit, and are overruled.  Defendant will be given one final opportunity to produce the requested documents and otherwise respond appropriately.

**Request No. 4**

Plaintiff's Request No. 4 asks for:

A list of all American citizens engaged by Hermitage directly or on behalf of any "employer" at the time of the incident described in the [C]omplaint.  If you contend you did not engage any individual, list each individual American citizen for whom you signed a document in any capacity similar to Mr. Giroux's agreement, and for each individual with a home or business address in the United States, for whom Hermitage acted as vessel representative, during the years 2005, 2006, 2007 and 2008, provide a copy of the agreement signed by Hermitage.

(Doc. 119-1 at 2.)  Defendant's response reads:

Objection.  This discovery request is overbroad, outside the scope of the limited jurisdictional discovery allowed, irrelevant, and not designed to lead to the discovery of admissible evidence on the limited jurisdictional question.  Subject to these objections, and without waiving same, Hermitage did not (and does not) engage any American citizens in any capacity.

(Doc. 119-2 at 2.)

Again, the boilerplate objections are without merit and are overruled.  Moreover, Plaintiff even anticipated that Defendant would claim that it did not "engage" any American citizens, and provided an alternative question, which Defendant completely ignored.  Defendant will be given one last opportunity to

appropriately respond, and provide documents to this request.[8]

**Request No. 10**

Plaintiff's Request No. 10 seeks "[p]ay records of payments to Giroux, *whether by reimbursement or direct.* (Including but not limited to wire transfer documents and confirmations, etc.)[.]" (Doc. 119-1 at 3 (emphasis added).) Defendant responds:

> Objection. This discovery request is overbroad, outside the scope of the limited jurisdictional discovery allowed, irrelevant, and not designed to lead to the discovery of admissible evidence on the limited jurisdictional question. Subject to these objections, and without waiving same, Hermitage did not employ Giroux and has no pay records. There are no responsive documents.

(Doc. 119-2 at 3.)

Plaintiff argues that Defendant's response is insufficient because Annette Mortensen, Defendant Kangamiut's witness, has testified that each and every month an invoice was forwarded to Hermitage regarding Giroux and others similarly engaged, and Hermitage reimbursed them. (Doc. 119 at 3-4.) Defendant argues that "even if Hermitage did reimburse Kangamiut for what Plaintiff was paid, under some agreement between the two companies, that does not avail Plaintiff in his effort to meet his burden to show this Court Hermitage is subject to jurisdiction in Florida or anywhere else in the United States." (Doc. 123 at 7.) Again, just because

---

[8] The Court recognizes the evidence already in the record that Plaintiff was only one of twelve "Factory Specialists" assigned to each of the twelve vessels for the 2006-07 crab fishing season. (Doc. 99-1 at 3.)

Defendant does not believe that this information will help Plaintiff establish jurisdiction, does not mean that it is not relevant and properly discoverable.  *See* Fed. R. Civ. P. 26(b)(1).

Defendant also states that "[n]ot one of these documents is a Hermitage document."  (*Id.*)  However, it is elementary that Defendant must produce all documents in its "possession, custody, or control," regardless of whether it labels them "Hermitage documents."  Fed. R. Civ. P. 34(a)(1).  Further, other documents filed in the case indicate that invoices were issued to Hermitage for the amounts paid to Plaintiff and that Hermitage reimbursed the contractors for those amounts.  (Doc. 99-1, ¶ 7.)  Thus, the Court overrules Defendant's objection and directs Hermitage to properly respond to the request.

**Request No. 12**

Plaintiff's Request No. 12 asks for "[r]ecords of all communications and payments to or from any other person, entity or party (including but not limited to the co-defendants - Kangamuit) that are related to Giroux before or since the meeting in Jacksonville, Florida."  (Doc. 119-1 at 3.)  Defendant responds: "Objection.  This discovery request is overbroad, outside the scope of the limited jurisdictional discovery allowed, irrelevant, and not designed to lead to the discovery of admissible evidence on the limited jurisdictional question.  Subject to these objections, and without waiving same, Hermitage has no such records."  (Doc. 119-2 at 3-4.)

Once again, documents produced in this case appear to flatly contradict this

response.  Kangamiut, through its witness Ms. Mortensen, has provided records of an invoice submitted to Hermitage for its portion of a settlement paid to Giroux. (Doc. 119 at 4.)  Defendant's response to the Motion is evasive.  It states: "The fact that Kangamiut may have created this document does not mean that Hermitage received the document.  Even if Hermitage did at one time have a copy of the document, this does not avail Plaintiff as it does not support the contention that Hermitage has ever had any contact with Florida."  (Doc. 123 at 8.)  Defendant's objections are overruled and Defendant is hereby directed to produce the subject documents and otherwise respond appropriately to this request.

### D.  Expenses

Plaintiff seeks sanctions for Defendant's failure to produce the subject discovery pursuant to Fed. R. Civ. P. 37.  (Doc. 119.)  The Rule provides in relevant part:

> If the motion [to compel] is granted . . . the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.  But the court must not order this payment if:
> (i)    the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii)   the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii)  other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).

In light of the circumstances regarding the Motion, an award of fees and costs

to Plaintiff, pursuant to Fed. R. Civ. P. 37(a)(5)(A), is likely appropriate.  However, in accordance with that Rule, Defendant and/or its attorneys will have "an opportunity to be heard" on that issue.

Accordingly, it is **ORDERED**:

1.     The Motion (**Doc. 119**) is **GRANTED** in full, except as to expenses as noted below.  Defendant Hermitage is ordered to fully respond to Plaintiff's requests for production and interrogatories without objection, and to produce Mr. Seppik for deposition by oral examination **no later than September 12, 2011**.  Defendant is advised that its failure to fully comply with this Order may result in the sanctions provided for in Fed. R. Civ. P. 37(b).

2.     The jurisdictional discovery deadline is extended to **September 21, 2011**.

3.     **On or before September 6, 2011**, Defendant and/or its attorneys shall show cause why they, jointly and severally, should not be ordered to pay Plaintiff's reasonable expenses, including attorneys' fees, incurred in making the Motion.  Defendant's response shall not exceed ten (10) pages.

4.     **On or before October 3, 2011**, Plaintiff shall file a memorandum of law and supplemental evidentiary materials pertaining to his jurisdictional discovery findings.  Defendant shall have **up to and including October 14, 2011**, to respond

14

to Plaintiff's filings.[9]

**DONE AND ORDERED** at Jacksonville, Florida, on August 22, 2011.

JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Counsel of Record

---

[9] With the District Judge's consent, the Court extends the jurisdictional discovery deadline and the deadlines for these filings set forth in the Court's August 11, 2011 Order. (Doc. 122.)

15